AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

CELEBRITY CARDS INTERNATIONAL, INC.
*Plaintiff*
v.
EARVIN JOHNSON, JR, JUNE BUG ENTERPRISES, INC.AND ONEWEST BANK, FSB
*Defendant*

2:13 MC 363

Civil Action No. 1:13-cv-22197-UU

(If the action is pending in another district, state where:
Southern District of Florida )

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: MARTIN SINGER, ESQ, LAVELY SINGER & ASSOCIATES, 2049 CENTURY PARK EAST, SUITE 2400, LOS ANGELES, CA 900067-2906

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

ALL MATTERS KNOWN OR REASONABLE AVAILABLE RELATING TO MATTERS IDENTIFIED IN THE PLEADINGS. SEE ATTACHMENT A

| Place: LAVELY SINGER & ASSOCIATES, 2049 Century Park East, Suite 2400, Los Angeles, CA 900067 or at such other location, date and time as agreed upon | Date and Time: 01/06/2014 10:00 am |
|---|---|

The deposition will be recorded by this method: VIDEOTAPED

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

ANY AND ALL NON-PRIVILEGED DOCUMENTS WHICH RELATE TO, REFER TO, EVIDENCE OR CONCERN THE SUBJECT MATTER OF THIS LITIGATION, INLCUDING BUT NOT LIMITED TO, EVERY COMMUNICATION AND/OR BUSINESS TRANSACTION BETWEEN YOU AND DEFENDANTS, YOU AND PLAINTIFF AND/OR BETWEEN DEFENDANTS AND PLAINTIFF RELATING TO ALLEGATIONS RAISED IN THE COMPLAINT AND THE ANSWERS THERETO. SEE ATTACHEMENT A.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: NOV 20 2013

*CLERK OF COURT*

JULIE PRADO

*Signature of Clerk or Deputy Clerk*

OR

*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* PLAINTIFF CELEBRITY CARDS INTERNATIONAL, INC. , who issues or requests this subpoena, are:

ROBERT J. HANTMAN, ESQ.
HANTMAN & ASSOCIATES
358 FIFTH AVENUE, SUITE 1003, NEW YORK, NEW YORK 10001

## ATTACHMENT A

1. Please see enclosed at Exhibit 1, a copy of the Complaint filed in this litigation.

2. Please see enclosed at Exhibit 2, a copy of the Answers submitted by Defendants.

3. Please see enclosed at Exhibit 3, a copy of the Plaintiff's Response in Opposition to Defendants' Motion to Stay and attached Affidavits.

4. Produce all non-privileged documents in your possession that relate to, refer to, evidence and/or concern each and every business transaction that was conducted between any of the Defendants and Plaintiff.

5. Produce all non-privileged documents in your possession that relate to, refer to, evidence and/or concern each and every communication and/or business transaction between Defendants Johnson, June Bug and One West.

6. Produce all non-privileged documents in your possession that relate to, refer to, evidence and/or concern each and every communication and/or business transaction between any of the Defendants and Plaintiff and/or Reed Wallace.

7. Produce all non-privileged correspondence between YOU and Plaintiff.

8. Produce all contractual agreements between Defendant Johnson and Plaintiff relating to use of the trademarks referred to in the Complaint filed herein.

9. Produce all contractual agreements between Defendant Johnson and OneWest relating to the pre-paid debit card referred to in the Complaint filed herein.

10. Produce all non-privileged communications between YOU and Defendants Johnson and June Bug relating to the pre-paid debit card referred to in the complaint filed herein.

11. Produce all non-privileged documents, including, but not limited to, memoranda or written summaries of any conversation or meetings with any past or present employees of Defendants regarding the allegations raised in Plaintiff's Complaint.

12. The transcript of every deposition in which Defendant Johnson and/or June Bug has testified, including the transcripts of any depositions of Defendants' officers, employees and/or agents, particularly the Arbitration in the case of June Bug Enterprises Inc. v. Magic Cards International Inc. and - consolidated

action- Magic Cards International Inc. v. June Bug Enterprises Inc., JAMS Arbitration No. 1220033474.

13. All exhibits introduced in the above referenced case (JAMS Arbitration No. 1220033474).

14. All hearing transcripts in the above referenced case (JAMS Arbitration No. 1220033474).

15. The "Settlement Agreement" in the above referenced case (JAMS Arbitration No. 1220033474) or subsequent California State Court Action referred to in the Complaint filed herein and the exhibits attached thereto.

16. Name each and every participant in the meetings between Reed Wallace and YOU as described in the Complaint and Affidavits provided hereto, and describe in detail exactly what was discussed at these meetings.

17. Produce any and all documents, letters, or e-mail correspondence between YOU and Plaintiff.